**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 19 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ROBERT L. DIMOND,

      Plaintiff-Appellant,

v.

ALLSUP'S CONVENIENCE
STORES, INC.,

      Defendant-Appellee.

No.  99-2304
(D.C. No. CIV-96-1013-JP)
(D. N.M.)

**ORDER AND JUDGMENT**   *

Before **BRORBY** , **ANDERSON** , and **MURPHY** , Circuit Judges.

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

---

*        This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Robert Dimond, appearing *pro se*, appeals an order of the district court dismissing his 42 U.S.C. §§ 12101-12213 Americans with Disabilities Act (ADA) complaint under Fed. R. Civ. P. 41(b) for failure to prosecute. The district court dismissed plaintiff's complaint on January 12, 1998, for failure to appear in court for his previously scheduled jury trial. On appeal, we reversed and remanded the case because the district court did not state on the record why dismissal of the action was the appropriate sanction for Mr. Dimond's failure to prosecute. *See Dimond v. Allsup's Convenience Stores, Inc.*, Nos. 98-2043, 98-2195, 1999 WL 360171, at **2 (10th Cir. June 4, 1999) (unpublished; citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921-22 (10th Cir. 1992) and *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)). "We express[ed] no view on the outcome after adequate evaluation of these factors." *Id.* at **3.

On remand, the district court thoroughly analyzed the actions of Mr. Dimond in accordance with the requirements set forth in *Ehrenhaus*. *See id.,* 965 F.2d at 921 (listing relevant factors for consideration). The district court found that Mr. Dimond's failure to comply with appearance at trial prejudiced the defendants and that his failure to appear interfered with the judicial process. Further, the court found that Mr. Dimond was highly culpable for his failure to appear, and that he had sufficient knowledge and warning his failure to appear at trial might result in dismissal. Although Mr. Dimond was not expressly warned

his failure to appear at trial could result in dismissal, the district court found he was undoubtedly aware that the court could utilize this sanction. Finally, the district court considered but rejected the efficacy of lesser sanctions.

We have reviewed the entire record on appeal. The record supports the district court's factual findings and its analysis of the relevant factors. Accordingly, the district court's order of dismissal did not amount to an abuse of discretion.

Mr. Dimond also appeals the district court's denial of his motion to disqualify the judge assigned to his case. Nothing in the district court's rulings in this case provides a reasonable basis from which to infer partiality. The assigned judge properly denied the motion to disqualify.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Stephen H. Anderson
Circuit Judge